# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CESAR CASTORELLA-SOTELLA,

          Petitioner,      :      Case No. 3:19-cv-215

- vs -                            District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution,

                               :
          Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Cesar Castorella-Sotella under 28 U.S.C. § 2254 to obtain relief from his convictions in the Montgomery County, Ohio, Court of Common Pleas on charges of rape, kidnapping, domestic violence, and tampering with public services (Common Pleas Case No. 2016-CR-3467). The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11) and Petitioner's Reply (ECF No. 15).

**Litigation History**

Petitioner was tried and convicted in the Montgomery County Court of Common Pleas on charges of rape, kidnapping, domestic violence, and tampering with public services (disconnecting

a 911 call) with his wife as the victim. Represented by new counsel, he appealed his conviction to the Second District Court of Appeals, raising one assignment of error, ineffective assistance of trial counsel for failure "to examine witnesses on issues of Victim's credibility despite an unfavorable ruling in limine." *State v. Castorela[1]-Sotela,* 2nd Dist. Montgomery No. 27522, 2018-Ohio-2655, ¶ 2 (Jul. 6, 2018).

Under this one assignment of error, Petitioner raised three issues:

> **{¶ 6}** Castorela-Sotela's assignment of error raises three issues related to the performance of his attorney at trial. First, he contends his attorney provided ineffective assistance by failing to cross examine his wife regarding her awareness of U-visas, which may have provided a motivation for her to fabricate her allegations against him. Second, he alleges ineffective assistance of counsel based on his attorney's failure to examine him about his own immigration status, which may have provided a reasonable explanation for his disconnection of his wife's 911 call and his failure to answer the door when police knocked. Third, he asserts that his attorney provided ineffective assistance by failing to call two defense witnesses who would have testified about the "general awareness" of U-visas in the Hispanic community.

*Castorela-Sotela*, 2018-Ohio-2655. Because the trial court had excluded this testimony by a ruling *in limine*, "[t]he narrow question before [the Second District] is whether Castorela-Sotella's attorney provided ineffective assistance if he failed to preserve the three evidentiary issues set forth above by not raising them again at trial." *Id.* at ¶ 8. Applying the governing federal standard for ineffective assistance of trial counsel from *Strickland v. Washington*, 466 U.S. 668 (1984), *id.* at ¶ 7, the Second District found no ineffective assistance of trial counsel regarding these three evidentiary issues and affirmed the conviction. *Id.* at ¶¶ 9-16. The Supreme Court of Ohio declined to accept jurisdiction over Petitioner's appeal. *State v. Castorela-Sotela,* 2018-Ohio-

---

[1] Petitioner spells his name with two ll's. The state courts have sometimes spelled it with one l.

3868.

On June 27, 2018, Petitioner filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 10, PageID 154-167). The trial court denied the Petition, *id.* at PageID 185-93, and Castorella-Sotella did not appeal. On September 7, 2018, he filed an application to re-open his direct appeal under Ohio R.App.P. 26(B). *Id*. at PageID 194-215 The Second District denied the application. *State v. Castorela-Sotella*, 2nd Dist. Montgomery No. 27522 (unreported; copy at State Court Record, ECF No. 10, PageID 228-32), and the Supreme Court of Ohio declined review. *State v. Castorella-Sotella*, 2019-Ohio-345.

Petitioner then filed his habeas corpus Petition in this Court, pleading the following grounds for relief:

> **Ground One:** Trial counsel's objectively unreasonable deficient performance deprive Petitioner of his right to effective assistance of counsel of the 6th Amendment, U.S. Constitution.
>
> **Supporting Facts:** Counsel failed to complete a reasonable pretrial investigation by failing to interview or investigate victim; by failing to introduce victim and Petitioner's illegal alien status to the jury; by failing to cross-examine victim to her knowledge of the U-visa or her intent to apply for this visa; by failing to attack victim's motive for falsifying the consensual sex acts into an act of rape. Petitioner [was] prejudice[d] by counsel's performance because it deprived him of his right to a fair trial, effective representation, procedural due process, to fully test State's case.
>
> **Ground Two:** Appellate counsel objectively unreasonabl [sic] deprived Petitioner of procedural due process, equal law, fairness, counsel of the 5th, 6th, 14th Amendment, U.S. Constitution.
>
> **Supporting Facts:** Counsel failed to raise reviewable constitutional issues that were clearly on the face of the record; trial counsel failed to investigate or interview victim, other witnesses with impeachment evidence; trial counsel failed to introduce victim-Petitioner illegal alien status; failed to attack victim motive for falsifying rape charge, desire to obtain U-visa; counsel failure to raise assignment trial court erred in denying Petitioner's Crim. R. 29

3

motion to dismiss charges because State's evidence was insufficient to support any of the charges in the indictment. Petitioner prejudiced by Appellate Counsel's performance because it deprive[d] the Petitioner of his right to procedural due process, equal law, and fundamental fairness, effective assistance of counsel as guaranteed by the 5th, 6th, 14th Amendments, United States Constitution.

**Ground Three:** 2nd Dist. Court of Appeals abused its discretion denying Petitioner's App. R. 26(B), resulting in a violation of his right to procedural due process, equal law, fundamental fairness, effective assistance of the 5th, 6th, 14th Amendment[s], United States Constitution.

**Supporting Facts:** Petitioner had a right to have his direct appeal reopen[ed] because appellate counsel failed to raise issues on direct appeal which were clearly stronger than the losing issues counsel raised on appeal. Had the omitted issues been raised, it's a reasonable probability the outcome of the direct appeal would have been different.

(Petition, ECF No. 1, PageID 5, 6, 8.)

**Applicable Law**

All three of Petitioner's Grounds for Relief depend on his claim that he received ineffective assistance of counsel at both the trial and appellate levels. The governing standard for effective assistance of counsel is stated in *Strickland*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction

4

> or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285

(2000); *Burger v. Kemp,* 483 U.S. 776 (1987). "To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise." *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011), citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). "Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal." *Id.*, *citing Wilson*, 513 F.3d at 707.

Petitioner argues that the standard to apply to his claims is found in *United States v. Cronic*(Reply, ECF No. 15, PageID 927, citing 466 U.S. 648 (1984). Yet, *Cronic* only applies where there has been a complete denial of counsel at any stage of a case at which there is a constitutional right to counsel. 466 U.S. at 659-61. The record does not establish that that occurred in this case.

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his attorney did not adequately investigate and present information regarding U-visas. He asserts both he and his wife, the victim, were illegally in the country and that she had a motive to claim she was raped because this would enable her to obtain a U-visa. He also wanted his own alien status presented to attempt to excuse his failure to answer the door for the police when they responded to his wife's disconnected 911 call (Petition, ECF No. 1, PageID 5).

The trial judge had ruled *in limine* that Petitioner's and his wife's immigration status could not be inquired into at trial. His trial attorney did not proffer during the trial what the testimony would have been on that subject. *Castorela-Sotela*, 2018-Ohio-2655, ¶ 6.

The Second District found no deficient performance in counsel's failure to raise Castorella-Sotella's own immigration status because, while it could have explained his aversion to the police, it would have done nothing to excuse his interference with his wife's telephone call (especially since he claimed he did not know to whom she was talking. *Castorela-Sotela,* 2018-Ohio-2655 at ¶ 10. Nor would it have done anything to rebut the rape and domestic violence charges.

With respect to Petitioner's claim that his wife's knowledge of U-visa status[2] would have shown she had a motive to lie about whether the sex was consensual (which was Petitioner's claim and testimony), the Second District found there was no proof of what the wife would have testified to in this regard. *Castorela-Sotela,* 2018-Ohio-2655 at ¶ 14.

In general the Second District concluded that, in light of the trial judge's *in limine* ruling and the potential prejudice against illegal immigrants, it would not have been deficient performance not to challenge that ruling during trial. *Castorela-Sotela,* 2018-Ohio-2655 at ¶¶ 9-11. When Petitioner later raised his claims about his wife's motives in his Petition for post-conviction relief, he made statements about her motives, but did not appeal from denial of the petition (See State Court Record, ECF No. 10, PageID 154-57.)

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington*, 562 U.S. at 100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the

---

[2] Victims of sexual assault can obtain a visa to remain in the United States for four years, which can be extended. *Castorela-Sotela*, 2018-Ohio-2655 at ¶ 12, citing 8 U.S.C. §§ 1101(a)(15)(U), 1184(p), 1255(m.

7

evidence presented in the State court proceedings.  When the issue is ineffective assistance of counsel, the federal court is required to be doubly deferential.  *Harrington*, 562 U.S. at 100.

The Magistrate Judge concludes that the Second District's decision on Petitioner's First Ground for Relief is neither contrary to nor an objectively unreasonable application of *Strickland*. Counsel's tactical decisions, such as what questions to ask what witness, "are particularly difficult to attack."  *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).  Indeed, "strategic choices by defense counsel are 'virtually unchallengeable.'"  *Buell v. Mitchell,* 274 F.3d 337, 359 (6th Cir. 2001), quoting *Meeks v. Bergen*, 749 F.2d 322, 328 (6th Cir. 1984).  A decision not to expose Petitioner to the bias jurors may have had against illegal immigrants is not an objectively unreasonable tactical decision.

In his Reply, Petitioner admits that the prosecutor provided the trial court with case law supporting the judge's ruling to exclude illegal alien status (ECF No. 15, PageID 930).  He claims his trial attorney performed deficiently in not presenting case law to the contrary, but he himself does not present that law to this Court.

Petitioner claims that without this evidence regarding the U-visa motivation of his wife, he had no defense to the State's case.  That is not so.  He testified and claims that the admitted sexual intercourse was consensual.  That is obviously the core of his defense.  The jury did not believe him, but lack of the U-visa evidence did not deprive him of this defense.

On the First Ground for Relief, the decision of the Second District is neither contrary to nor and objectively unreasonable application of relevant Supreme Court precedent.  The First Ground should therefore be dismissed on the merits.

**Ground Two: Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney did not raise certain assignments of error. When he presented this claim to the Second District in his Application to Reopen under Ohio R.App.P. 26(B), he stated the omitted assignments of error as follows:

> 1. Counsel's objectively unreasonable deficient performance at Trial and Re-sentencing hearing, deprived the Appellant of his right to Effective Assistance of Counsel, as guaranteed by the 6thAmendment, United States Constitution.
>
> 2. Trial Court abused its discretion, by over ruling (*sic*) Defense Crim R. 29 motion, because State's evidence insufficient to support conviction of Rape-Vaginal, violating the Appellant's right to Due Process, as guaranteed by the 14thAmendment, United States Constitution; Section 16, Article 1, Ohio Constitution.

(Application, State Court Record, ECF No. 10, PageID 194, 198).

The Second District Court of Appeals denied the Application for reopening, reiterating the points it had made in the direct appeal decision: there was no way of knowing from the record whether defense counsel or someone working on his behalf had interviewed the victim or what she would have said (Decision and Entry, State Court Record, ECF No. 10, PageID 229). It noted that appointed appellate counsel had raised the issue on direct appeal and the court had found it was without merit. *Id.* at PageID 230. As to appellate counsel's failure to claim trial court error in denying the motion for acquittal, the Second District found there was sufficient evidence for conviction and it was therefore not ineffective assistance of appellate counsel to fail to claim there was not. *Id.* at PageID 230-31.

It cannot be ineffective assistance of appellate counsel to fail to raise issues which have no

9

merit, as the Second District found here as to each of the assignments of error Petitioner claimed it was ineffective assistance to omit. For that reason, Petitioner's Second Ground for Relief should be dismissed.

**Ground Three: Abuse of Discretion in Denying Reopening**

In his Third Ground for Relief, Castorella-Sotella claims the second District abused its discretion in denying his Application to Reopen. This Ground for Relief is without merit for several reasons.

First of all, federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). However, a state court does not violate the Constitution by abusing its discretion; abuse of discretion is not a denial of due process. *Sinistaj v. Burt,* 66 F.3d 804, 807-08 (6th Cir. 1995).

Second, the Constitution does not guarantee that the States will provide a collateral remedy for ineffective assistance of appellate counsel. In fact, the Constitution does not guarantee a right to appeal at all. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 354-5 (6th Cir. 2005); accord: *Halbert v. Michigan*, 545 U.S. 605, 610 (2005); *Goeke v. Branch*, 514 U.S. 115, 120 (1995) ("[D]ue process does not require a State to provide appellate process at all."). Of course, when it does provide a right to appeal, the State cannot discriminate against the poor by failing to provide the necessary transcript. *Griffin v. Illinois*, 351 U.S. 12, 18-20 (1956). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963). Here the State of Ohio did

provide an appeal of right, provided a transcript, and paid for appointed counsel. But it was not obliged to create a remedy for claims of ineffective assistance of appellate counsel by way of reopening a direct appeal.

Ground Three should therefore be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 10, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be

accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.