# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CESAR CASTORELLA-SOTELLA,

        Petitioner,        :        Case No. 3:19-cv-215

  - vs -                          District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution,

                                  :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Cesar Castorella-Sotella under 28 U.S.C. § 2254 to obtain relief from his convictions in the Montgomery County Court of Common Pleas, is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed (ECF No. 16). As required by Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* all portions of the Report to which specific objection has been made.

Petitioner was tried and convicted in the Montgomery County Court of Common Pleas on charges of rape, kidnapping, domestic violence, and tampering with public services (disconnecting a 911 call) with his wife as the victim. On appeal he raised one assignment of error, ineffective assistance of trial counsel for "failure to examine witnesses on issues of Victim's credibility

despite an unfavorable ruling in limine." *State v. Castorela[1]-Sotela,* No. 27522, 2018-Ohio-2655, ¶ 2 (Ohio App. 2nd Dist. Jul. 6, 2018) (internal quotation marks and citation omitted).

Under this one assignment of error, Petitioner raised three issues:

> {¶ 6} Castorela-Sotela's assignment of error raises three issues related to the performance of his attorney at trial. First, he contends his attorney provided ineffective assistance by failing to cross examine his wife regarding her awareness of U-visas, which may have provided a motivation for her to fabricate her allegations against him. Second, he alleges ineffective assistance of counsel based on his attorney's failure to examine him about his own immigration status, which may have provided a reasonable explanation for his disconnection of his wife's 911 call and his failure to answer the door when police knocked. Third, he asserts that his attorney provided ineffective assistance by failing to call two defense witnesses who would have testified about the "general awareness" of U-visas in the Hispanic community.

*Castorela-Sotela*, 2018-Ohio-2655. The trial court excluded this testimony about Petitioner and the victim's immigration status by a ruling *in limine*. Therefore, "[t]he narrow question before [the Second District] is whether Castorela-Sotela's attorney provided ineffective assistance if he failed to preserve the three evidentiary issues set forth above by not raising them again at trial." *Id.* at ¶ 8. Applying the governing federal standard for ineffective assistance of trial counsel from *Strickland v. Washington*, 466 U.S. 668 (1984), *id*. at ¶ 7, the Second District found no ineffective assistance of trial counsel regarding these three evidentiary issues and affirmed the conviction. *Id.* at ¶¶ 9-16.

On September 7, 2018, Petitioner filed an application to re-open his direct appeal under Ohio R.App.P. 26(B), asserting ineffective assistance of appellate counsel which the Second District denied. *State v. Castorela-Sotella*, 2nd Dist. Montgomery No. 27522 (unreported; copy at

---

[1] Petitioner spells his name with two ll's. The state courts have sometimes spelled it with one l.

State Court Record, ECF No. 10, PageID 228-32), and the Supreme Court of Ohio declined review. *State v. Castorella-Sotella*, 154 Ohio St. 3d 1503, 2019-Ohio-345.

Petitioner then filed his habeas corpus Petition in this Court, pleading the following grounds for relief:

> **Ground One:** Trial counsel's objectively unreasonable deficient performance deprived Petitioner of his right to effective assistance of counsel of the 6th Amendment, U.S. Constitution.
>
> **Supporting Facts:** Counsel failed to complete a reasonable pretrial investigation by failing to interview or investigate victim; by failing to introduce victim and Petitioner's illegal alien status to the jury; by failing to cross-examine victim to her knowledge of the U-visa or her intent to apply for this visa; by failing to attack victim's motive for falsifying the consensual sex acts into an act of rape. Petitioner [was] prejudice[d] by counsel's performance because it deprived him of his right to a fair trial, effective representation, procedural due process, to fully test State's case.
>
> **Ground Two:** Appellate counsel objectively unreasonabl [sic] deprived Petitioner of procedural due process, equal law, fairness, counsel of the 5th, 6th, 14th Amendment, U.S. Constitution.
>
> **Supporting Facts:** Counsel failed to raise reviewable constitutional issues that were clearly on the face of the record; trial counsel failed to investigate or interview victim, other witnesses with impeachment evidence; trial counsel failed to introduce victim-Petitioner illegal alien status; failed to attack victim motive for falsifying rape charge, desire to obtain U-visa; counsel failure to raise assignment trial court erred in denying Petitioner's Crim. R. 29 motion to dismiss charges because State's evidence was insufficient to support any of the charges in the indictment. Petitioner prejudiced by Appellate Counsel's performance because it deprive[d] the Petitioner of his right to procedural due process, equal law, and fundamental fairness, effective assistance of counsel as guaranteed by the 5th, 6th, 14th Amendments, United States Constitution.
>
> **Ground Three:** 2nd Dist. Court of Appeals abused its discretion denying Petitioner's App. R. 26(B), resulting in a violation of his right to procedural due process, equal law, fundamental fairness, effective assistance of the 5th, 6th, 14th Amendment[s], United States Constitution.

3

> **Supporting Facts:** Petitioner had a right to have his direct appeal reopen[ed] because appellate counsel failed to raise issues on direct appeal which were clearly stronger than the losing issues counsel raised on appeal. Had the omitted issues been raised, it's a reasonable probability the outcome of the direct appeal would have been different.

(Petition, ECF No. 1, PageID 5, 6, 8.)

The Magistrate Judge noted that the governing standard for ineffective assistance of counsel claims is set forth in *Strickland v. Washington,* 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance,* 556 U.S.111 (2009). The Objections do not disagree with this standard and in fact trace the right to assistance of counsel back to the landmark decision in *Gideon v. Wainwright*, 372 U.S. 335 (1963). Even earlier the Supreme Court had applied the Sixth Amendment in capital cases. *Powell v. Alabama*, 287 U.S. 45 (1932).

As the Magistrate Judge held, and Petitioner agrees, the *Strickland* test also applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). "To evaluate a claim of ineffective assistance of appellate counsel, then, the court must

assess the strength of the claim that counsel failed to raise." *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011), citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). "Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal." *Id.*, *citing Wilson*, 513 F.3d at 707.

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his attorney did not adequately investigate and present information regarding U-visas. He asserts both he and his wife, the victim, were illegally in the country and that she had a motive to claim she was raped because this would enable her to obtain a U-visa. He also wanted his own alien status presented to attempt to excuse his failure to answer the door for the police when they responded to his wife's disconnected 911 call (Petition, ECF No. 1, PageID 5).

The trial judge had ruled *in limine* that Petitioner's and his wife's immigration status could not be inquired into at trial. His trial attorney did not proffer during the trial what the testimony would have been on that subject. *Castorela-Sotela*, 2018-Ohio-2655, at ¶¶ 3, 6.

The Second District found no deficient performance in counsel's failure to raise Castorella-Sotella's own immigration status because, while it could have explained his aversion to the police, it would have done nothing to excuse his interference with his wife's telephone call, especially since he claimed he did not know to whom she was talking. *Castorela-Sotela,* 2018-Ohio-2655, at ¶ 10. Nor would it have done anything to rebut the rape and domestic violence charges.

With respect to Petitioner's claim that his wife's knowledge of U-visa status[2] would have shown she had a motive to lie about whether the sex was consensual (which was Petitioner's claim and testimony and which he asserts was the whole theory of the defense), the Second District found there was no proof of what the wife would have testified to in this regard. *Castorela-Sotela,* 2018-Ohio-2655 at ¶ 14.

In general, the Second District concluded that, in light of the trial judge's *in limine* ruling and the potential prejudice against illegal immigrants, it would not have been deficient performance not to challenge that ruling during trial. *Castorela-Sotela,* 2018-Ohio-2655 at ¶¶ 9-11.

The Magistrate Judge correctly noted that when a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. When the issue is ineffective assistance of counsel, the federal court is required to be doubly deferential. *Harrington*, 562 U.S. at 100.

The Report concluded that the Second District's decision on Petitioner's First Ground for Relief is neither contrary to nor an objectively unreasonable application of *Strickland*. The Court agrees. Counsel's tactical decisions, such as what questions to ask what witness, "are particularly

---

[2] Victims of sexual assault can obtain a visa to remain in the United States for four years, which can be extended. *Castorela-Sotela*, 2018-Ohio-2655, at ¶ 12, citing 8 U.S.C. §§ 1101(a)(15)(U), 1184(p), 1255(m).

difficult to attack." *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). Indeed, "strategic choices by defense counsel are 'virtually unchallengeable.'" *Buell v. Mitchell,* 274 F.3d 337, 359 (6th Cir. 2001), quoting *Meeks v. Bergen*, 749 F.2d 322, 328 (6th Cir. 1984). A decision not to expose Petitioner to the bias jurors may have had against illegal immigrants is not an objectively unreasonable tactical decision.

In his Reply, Petitioner admitted that the prosecutor provided the trial court with case law supporting the judge's ruling to exclude illegal alien status (ECF No. 15, PageID 930). He claims his trial attorney performed deficiently in not presenting case law to the contrary, but he himself did not present that law to this Court. A habeas petitioner has not shown deficient performance by merely claiming there is law to support his position; he must show what that case law is.

Petitioner claims that without this evidence regarding the U-visa motivation of his wife, he had no defense to the State's case. That is not so. As the Report found, Petitioner testified "that the admitted sexual intercourse was consensual. That is obviously the core of his defense. The jury did not believe him, but lack of the U-visa evidence did not deprive him of this defense[,]" (ECF No. 16, PageID 943); rather, it only deprived him of one possible basis to attack his wife's credibility.

On the First Ground for Relief, the Court concludes the decision of the Second District is neither contrary to nor and objectively unreasonable application of relevant Supreme Court precedent. The Report as to this Ground is adopted and the First Ground is dismissed on the merits.

**Ground Two: Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Petitioner claims he received ineffective assistance of

7

appellate counsel when his appellate attorney did not raise certain assignments of error. When he presented this claim to the Second District in his Application to Reopen under Ohio R.App.P. 26(B), he stated the omitted assignments of error as follows:

> 1. Counsel's objectively unreasonable deficient performance at Trial and Re-sentencing hearing, deprived the Appellant of his right to Effective Assistance of Counsel, as guaranteed by the 6th Amendment, United States Constitution.
>
> 2. Trial Court abused its discretion, by over ruling (*sic*) Defense Crim R. 29 motion, because State's evidence insufficient to support conviction of Rape-Vaginal, violating the Appellant's right to Due Process, as guaranteed by the 14thAmendment, United States Constitution; Section 16, Article 1, Ohio Constitution.

(Application, State Court Record, ECF No. 10, PageID 196, 198).

The Second District Court of Appeals denied the Application for reopening, reiterating the points it had made in the direct appeal decision: there was no way of knowing from the record whether defense counsel or someone working on his behalf had interviewed the victim or what she would have said (Decision and Entry, State Court Record, ECF No. 10, PageID 229). It noted that appointed appellate counsel had raised the issue on direct appeal and the court had found it was without merit. *Id.* at PageID 230, citing *Castorela-Sotela*, 2018-Ohio-2655, at ¶ 14. As to appellate counsel's failure to claim trial court error in denying the motion for acquittal, the Second District found there was sufficient evidence for conviction and it was therefore not ineffective assistance of appellate counsel to fail to claim there was not. *Id.* at PageID 230-31.

The Magistrate Judge concluded that it cannot be ineffective assistance of appellate counsel to fail to raise issues which have no merit, as the Second District found here as to each of the assignments of error Petitioner claimed it was ineffective assistance to omit.

Petitioner objects:

8

> Because, it's plain and obvious the 2nd District Appellate Court of Appeals decision, is based on an objectively unreasonable determination of the facts and evidence presented in the State Court's proceedings. The 2nd District Appellate Court asserts that there is no way of knowing from the record whether Defense Counsel or someone working in his behalf had interviewed the victim (DOC #16, PAGEID #944). The 2nd District Appellate Court's decision is based on inference upon inference upon inference. Because, there is nothing in the record that demonstrates that Counsel had any employees, or financial resources to employ someone to interview the victim.

(Objections, ECF No. 19, PageID 958.) Petitioner's logic has this issue completely upside down. The Second District did not infer that someone did interview the victim on behalf of defense. Instead, it held there was nothing in the record to the contrary. If Petitioner had evidence outside the record that no such interview took place, he could have presented it in post-conviction. Instead, the affidavits filed in support of that petition largely attack the victim's character without presenting any evidence regarding counsel's preparation for trial (State Court Record, ECF No. 10, PageID 160-67). Moreover, Petitioner procedurally defaulted any claims raised in his post-conviction by not appealing.

Therefore, Petitioner's objections as to Ground Two are overruled, the Report is adopted as to that Ground, and it is dismissed.

**Ground Three: Abuse of Discretion in Denying Reopening**

In his Third Ground for Relief, Castorella-Sotella claims the Second District abused its discretion in denying his Application to Reopen. The Report concluded this Ground should dismissed because it did not state a claim under the United States Constitution, because it is not a constitutional violation for a state court to abuse its discretion.

Petitioner objects by rearguing his claims of ineffective assistance of appellate counsel argued under Ground Two which have been discussed above. Ground Three will be dismissed on the basis set forth in the Report.

**Conclusion**

Having reviewed the Magistrate Judge's Report *de novo* in light of the Objections, the Court concludes the Report should be adopted. Accordingly, it is hereby ORDERED that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court hereby certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 5, 2020                                                                     *s/Thomas M. Rose

                                                                            _____
                                                                                    Thomas M. Rose
                                                                              United States District Judge